UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOHNNY E. JEFFERSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-589** |
| **TIM HOOPER, WARDEN** | **SECTION "T"(5)** |

**O R D E R**

On this date, the Court considered the Magistrate Judge's Report and Recommendation, recommending that Petitioner Johnny E. Jefferson's application for federal habeas corpus relief be dismissed with prejudice. R. Doc. 23. The Court, having considered the petition, the record, the applicable law, the Report and Recommendation of the United States Magistrate Judge, and Petitioner's Objection to the Magistrate Judge's Report and Recommendation, R. Doc. 24, hereby approves the Report and Recommendation of the United States Magistrate Judge and adopts it as its opinion in this matter.

In his Objection, Petitioner asks the Court to review his Petition *de novo* and, alternatively, to stay the proceedings so that he can exhaust his state court claims. The Court finds no merit to the Objection.

A party may serve and file objections to a Report and Recommendation within fourteen days. Fed. R. Civ. P. 72(a), (b)(2). "Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive [sic] or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982), *overruled on other grounds by Douglass v. United States Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Courts must review *de novo* any of the Magistrate Judge's conclusions to which a party has specifically objected. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Any sections that were not objected to are reviewed for clear error to determine whether they are contrary to law. *Id.*; *see also United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). Objections that are conclusory, made without any reasoning or any supporting authority, need not be considered by the court. *See Nettles*, 677 F.2d at 410 n.8.

The statute, 28 U.S.C. § 636(b)(1), does not mandate *de novo* review in this case because Petitioner has not directed the Court to any specific error in the Magistrate Judge's Report and Recommendation. In fact, Petitioner does not identify any alleged error in the Magistrate Judge's Report and Recommendation; rather, he simply objects in general and demands *de novo* review. *See* R. Doc. 24. The Court, in determining whether to accept, reject, or modify the Magistrate Judge's Report and Recommendation, has a duty to conduct a careful and complete review. *See* 28 U.S.C. § 636(b)(1). The Court has done so and finds no clear error in the Magistrate Judge's Report and Recommendation.

Nor is a stay of the proceedings merited in this case. As to the exhaustion of his state claims, the State had argued that Claims Two and Five had not been exhausted. However, the Magistrate Judge disagreed with the State and found that Petitioner's claims had been "fairly presented" to the state courts. *See* R. Doc. 23, pp. 7-10. The Magistrate Judge then went on to consider the merits of those claims. *Id.*, pp. 10-14, 23-25. With regard to Claims One and Two, the Magistrate Judge found them to be procedurally barred. Petitioner was "specifically instructed that this report and recommendation is notice to him that this Court is *sua sponte* raising the issue of procedural default

2

and that he must submit any evidence or argument concerning the default as part of any objections he may file to this report." R. Doc. 23, p. 11. Petitioner has made no mention of the procedural default, much less presented any evidence or argument concerning the default.[1] Consequently, there is no showing that Petitioner's claims have not been exhausted in the state court, and thus no stay is necessary.

Accordingly, for the reasons set forth above,

**IT IS ORDERED** that Johnny E. Jefferson's petition for issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 is **DENIED** and the matter is **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana, this __17th__ day of _____January_____, 2025.

_____
**GREG GERARD GUIDRY**
**UNITED STATES DISTRICT JUDGE**

---

[1] A petitioner's failure to make a timely objection under a state contemporaneous objection rule to the admission of inculpatory evidence, absent a showing of cause for the noncompliance and some showing of actual prejudice, bars federal habeas corpus review. *Wainwright v. Sykes*, 433 U.S. 72 (1977). Thus, the petitioner "may not raise an issue for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error. *See United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991) (involving a § 2255 motion to vacate). To show "cause," the petitioner must raise "an objective impediment that is external to his defense [which] prevented him from raising a claim on direct appeal." *United States v. Rodney*, No. 10-102, 2014 WL 6607069, at *3 (E.D. La. Nov. 18, 2014) (citing *United States v. Flores*, 981 F.2d 231, 235 (5th Cir. 1993)). "Actual prejudice" requires a showing of an "actual and substantial disadvantage, infecting his entire trial with the error of constitutional dimensions." *Shaid*, 937 F.2d at 233. "A mere possibility of prejudice will not satisfy the actual prejudice prong of the cause and prejudice test, much less demonstrate actual innocence." *Id.* at 236.